I'd like to reserve two minutes for rebuttal. In seeking to deter public employees from tax fraud, the District Court imposed a harsh sentence on Mr. Saani, citing as a rationale that government employees with access to public funds have the ability or the criminal intent to manipulate those funds or government contracts. But harsh sentences for tax fraud do not deter bribery or contract manipulation, just as they do not deter drunk driving or drug dealing or bank robberies. So let me ask you, does that require us to assume the District Court was not complying with Saani 1? I think it does require this Court to presume. The District Court violated Mr. Saani's Fifth Amendment rights by assuming conduct that was not ever responsible for not disclosing or revealing the source of his funds and where they came from, and implying, as the District Court assumed in the first sentencing, that Mr. Saani could not possibly have had any lawful way to have held this income in foreign bank accounts. What I meant specifically was, in the remand hearing, there were some phrases the District Court used that didn't specifically mention tax evasion, but also didn't recount exactly what he had said at the initial hearing. And you're asking us to read the second hearing, the remand hearing, in a manner that suggests that the District Court was repeating what he said at the first hearing? Even assuming, even if the District Court, when speaking of conduct of this kind, meant tax evasion, I think that the reference, there was no possible reason for him to refer to the manipulation of government funds and contracts unless that affected the sentence. That was a large part of his deterrence rationale. Can I back you up a little bit? You said that the manipulation of government contracts, etc., this gentleman's tenure in Kuwait really had nothing to do with the tax fraud charges. And I think that's not accurate. And let me tell you why. This is a network case that the government was going to make out. And when the government brings an action, criminal prosecution for a network, they have to do a number of things. One is they have to identify the beginning network of the individual, then show that it increased over a period of time, was not reflected on the tax return. And the government also has to show the likely source, the likely source. It doesn't have to be by a preponderant or by beyond reasonable doubt. But the case law is certain that the government has to show the likely source of the income and or negate all possible sources of income that would not have been taxable. So in making that showing, if the government puts on evidence that this individual had access to government contracts of a large amount, then his employment is the likely source of the money and therefore it is relevant to tax fraud. As a matter of fact, it's required for the government to get into that. I respectfully disagree, Judge Randolph. Have you read Holland v. The United States, the Supreme Court opinion on this very issue? No, I have not. Before you disagree with me, I think you better read that and read all cases that have spawned because that describes how a network case is made and it describes it in exactly the way that I just described. I have not reviewed the government's showing of a certain amount of income in this case that the defense attorneys below, which were not our office, did agree to or how they came to that showing. But I can conceive of many ways in which Mr. Assani could have had income or had access to funds that did not involve lawful conduct for which he would not want to admit. I'm presuming, if the law so requires the government to presume, illegal conduct and employment... You're misunderstanding the nature of my question. You made an assertion to begin with that I don't think is accurate. But be that as it may, I don't know that that bears on the decision that we have to make in this case. Because all that does is bring the Fifth Amendment question that you were about to address to the floor. And the question that I guess we have right now, since nobody briefed the Fifth Amendment case, is simply whether that Fifth Amendment question is presented to us. And that's why the case went back. And Judge Leon says it's not presented. Judge Leon said he was not taking into account the source of the funds. He did not say he was not taking into account Mr. Assani's failure to reveal financial information beyond the relevant conduct that he did admit. He admitted all of the relevant conduct that the government presented and showed evidence of. And there was no dispute. He did not falsely deny or frivolously contest any relevant conduct as the government has not disputed. But he never conceded that he underreported his income either. He did concede that he underreported his income. His attorney on the remand, in fact, told Judge Leon that his client was not entitled to an acceptance of responsibility downward departure. He said that at least two times that I found in the transcript. We agree he's not entitled to an acceptance of responsibility. I, it is our position that he had made the argument that he was entitled to that acceptance points. Yet in his briefing, he also argued very clearly at the sentencing hearing that even if the Court did not award acceptance points, it should award some credit in the sentence under 3553A for Mr. Assani's early plea before trial, before the pretrial conference, and for his full admission. Why isn't the acceptance of responsibility question waived under the Supreme Court's decision in Alanna? It's just waived. He said we are not arguing. We don't think that, I don't think that my client is entitled to an acceptance of responsibility. At that point, it's our, it's my position that he was agreeing with the Court's decision. I'm interpreting that as I understand that the Court is not going to grant us acceptance of responsibility. I understand the language is slightly different, but the argument was made in the briefing. It's not the way, it wasn't that I understand the Court's not going to give it. He said my client's not entitled to it. He did argue my client is entitled to it under 3553A. He argued Take a look at 104 and 105. You know, he said whether, he said my client pled guilty. Whether that adds up to an acceptance of responsibility points, it doesn't. He did go on. Then on 106, I don't suggest he should get acceptance of responsibility. There's another place where he said it. He's not entitled to it. He does go on to argue that 107. On page 106, I think the government's claim that he should be given no credit misses the mark, and regardless of whether you call it acceptance under the guidelines, it might send the wrong message under 3553 if it were to be ignored entirely. So I do believe that he is arguing for some credit of some sort for Mr. Sani. But you're arguing that he should get acceptance of responsibility. I am, and I'm arguing that the District Court did not consider certain aspects of his silence with respect to financial information when he admitted all relevant conduct, that he was not required under the guidelines or the Fifth Amendment to provide anything more with respect to his personal finances. You say not required. The whole concept of acceptance of responsibility presumes you're doing something you're not required to do. If you're doing only what you're required to do, how can you get a reduction from that? Well, the guideline in the Application Note 1, Section A, says you may not falsely deny or frivolously contest relevant conduct. That did not happen here. But you are not required to provide more. I understand you're not required to, but I don't understand how you can say just because he didn't do something he wasn't required to do, he should get credit for acceptance of responsibility. There were millions of dollars he never explained the source of. He never explained where they are now. And he wants acceptance of responsibility credit? Why should he be required to under the Fifth Amendment? I didn't say he'd be required to. I'm just saying you're wanting a reward for doing something he didn't do. What I want is consideration by the district court of all of the aspects for which he might be granted acceptance of responsibility, including his full acceptance of all relevant conduct before sentencing and his early plea, which this court has already considered. And I do believe that he was... When you make an early plea, you're doing something you're not required to do. And you may get credit for it. You may get help for it. But this notion that, well, he should get credit for acceptance of responsibility because the things he didn't do he wasn't required to do seems innocent. So what this court has said, I thought, is that what is required is a candid and full disclosure of the offense. Yeah. And he did that here. That's what he did. He fully and And there is... He admitted everything the government could prove. Why should he be required to help the government prove its case further? Okay. If the court has nothing further, I will reserve the remaining time for rebuttal. Thank you. All right. Thank you. Good morning. Good morning. William Glasser for the United States. Just to briefly address the acceptance of responsibility issue, this court could treat that as waived based on the statements of defense counsel in the resentencing hearing. However, this court could also treat it as something that was decided in Sonny 1. This court specifically addressed the argument in Sonny 1 that the defense made that his acceptance, his failure to accept at the time of the guilty plea should not deprive him of the ability to get an acceptance of guilt. Essentially, the argument that's being made now is the flip side of the same coin, saying that, well, even though he didn't admit full responsibility at the time of the guilty plea, he did accept responsibility by the time of sentencing. Those are really one and the same thing. You don't think he accepted fully responsibility for the charged offense? Your Honor, he did. He did admit sufficient facts to plead guilty. There were sort of different bases for the 7206 offense that were charged in the indictment, and he specifically admitted to making a false statement in denying that he had foreign bank accounts. However, he did not admit at the guilty plea to underreporting his income. Later, he agreed with the government's calculations with respect to unreported income, but at no point in the entire process has he complied with any requests for bank information. He hasn't complied with probation's requests. But was that part of the charged offense? Your Honor, it was... In other words, I can think of infamous defendants who have done a lot of things, but the government only had evidence to charge the defendant with crime A, and the defendant pleads to crime A. Isn't that what happened here, arguably? Your Honor, it was relevant conduct for purposes of the charged offense. So then your burden, or the government's burden, was to show by a preponderance of evidence. That's correct, Your Honor. The amount of the underreported income for purposes of the sentencing guidelines. But this case specifically... And what else? In other words, you made a proffert, your government made a proffert to the district court on that. Yes, Your Honor. But as to these other things? Your Honor, his refusal to accept responsibility, the district court said that was based on his failure to admit to anything beyond the bare minimum that he needed to plead guilty to at the time of his guilty plea, and also on his failure to cooperate with probation. Can you go back to the... Do you remember the question I asked, counsel? Whether or not the argument here requires the court to conclude that the district court was not following the remand instructions in Sonny 1? Your Honor, yes. The defense argument would require that, because Sonny 1 made very clear that it was remanding in order to clear up any possible confusion regarding the right against self-incrimination. And so the district court started by saying he thought he had made himself clear. That's correct. But in case, apparently he hadn't, so now he wanted to make it clear. And so he says it on the record on remand. That's correct, Your Honor. So the only thing left is these somewhat ambiguous references that could be read in at least one of two ways. One, the way the defendant wants to read it. And two, the way the government wants us to read it. But don't we presume that the district court followed this court? Yes, Your Honor. We would... This court would presume that. And furthermore, if we look at the context of the remand, I mean, the district court was not sort of operating in a... This was not a first sentencing hearing. The district court knew on remand that his task was to clarify whether he was considering things that would violate the Fifth Amendment. And the district court made it clear that he was not doing that. Said he was not considering the source of the funds. Now, the defense argument tries to distinguish between failure to reveal the source of the funds and this failure to reveal additional funds that might also be underreported income and would subject him to a higher sentence. However, it's highly unlikely that the district court, while saying he wasn't considering the illegal source of the funds, which would potentially increase the sentence, was simultaneously considering the failure to reveal additional funds. The argument, as I read it in the district court, was that the defense counsel, number one, conceded that an upward departure was warranted. In fact, said just that, that an upward... We agree that an upward... But we think it should be 85 months, not 111. And Judge Leon spread on the record at the beginning of the hearing his rationale for the upward departure. And the attorney said, we have no argument against that. Or something to that effect. That's right. So that's why you're arguing that this has to be plain error analysis at best. Maybe even waived with respect to upward departure. Because the only question the district court was, how many months? 85 or 111? That's correct, Your Honor. And with respect to the amount of the upward variance, it was only a 13-month variance above the guidelines range. Now, obviously, the defense was requesting 85. But yes, that's absolutely correct. The government's position is that we're here on plain error review. Now, possibly with respect to the acceptance of responsibility, that was the one argument that was actually made in the sentencing memorandum in the district court. But then later essentially waived by defense counsel in the sentencing hearing. So the arguments, the first argument with respect to the uncharged conduct, this failure to reveal source of the funds, and then also the Fifth Amendment argument, neither of those were raised in the district court. The Fifth Amendment argument actually depended upon the notion of there being other monies out there or other acts out there. I understood the Fifth Amendment argument. I understood that to apply even if we're talking about only the source of the income here. Because there might be information about the extra income, the unreported income, the undisclosed funds that would be incriminatory to him in the sense of enhancing his penalty. That's correct, Your Honor. It doesn't really depend on the possibility of there being other income out there unreported, does it? If I understand the question correctly, Your Honor, it would implicate the Fifth Amendment if the court varied upward based on the illegal source. No, no, no, based on his failure to reveal the illegal source. That's correct, yes, I apologize. Now, at the same time, the district court could have made the finding, and we argued it should have made the finding by preponderance of the evidence that it was an illegal source. Never mind, that's not the question we're asking you about now. It's not dependent on there being other funds out there for him to claim the Fifth Amendment. Well, Your Honor, I don't... That seemed to be what you were saying early in your argument. Okay, I... And I misunderstand you. Your Honor, I was saying that with respect to the acceptance of responsibility proper, not the Fifth Amendment issue, and... Well, that's two sides of the same coin on that, isn't it? Well, yes, Your Honor, but I don't want to argue too strenuously. I mean, I want to be clear that we would concede that the defendant's silence with respect to additional funds, with respect to the upward variance, could implicate the Fifth Amendment. And that is because... If you're not conceding that his silence with respect to the charged funds, source of the charged funds, could violate the Fifth Amendment. I'm breaking that silence. No, I think if I understand the question correctly, Your Honor, we are... No, we're arguing that the... Are you arguing that the Fifth Amendment does not protect his silence with respect to the charged funds? No, Your Honor, we're not. We're not arguing that the Fifth Amendment... You're arguing that's not an issue, right? I may be arguing it's not an issue, but you seem to me to be making it... Or saying that the defense needed a distinction between the charged funds and uncharged funds. Did I misunderstand you in any respect? Your Honor, apparently, I've not been clear. Our argument is that although with respect to the variance, the Fifth Amendment would be implicated if the district court considered his silence with respect to uncharged funds. Yes, that's correct. With respect to the charged funds, and again, the numbers weren't actually... Finish that sentence. We're going off with the games and the sides. I apologize. With respect to the charged funds, Your Honor, the funds were not mentioned in the indictment, but with respect to the funds that were related to the charges in the indictment, our argument is his failure to cooperate. He didn't have a right against self-incrimination with respect to those funds because he pleaded guilty to those. He did not have a right, even if that might affect the judge's sentence computation. That's correct, Your Honor. Now, if there were additional funds, yes, we can see that that could implicate... Is that distinction drawn in the briefs here? Your Honor, I don't believe that distinction is made. I certainly didn't recognize it. We're used to having the same theories argued in court that we see in the briefs. Right. I understand that, Your Honor, and I would just mention that with respect to the claims that are made by the defense, those are all new claims, weren't raised in the district court. The acceptance of responsibility was decided in Sonny 1, and therefore, this court... That's actually your first line of argument here, and that this is a fact that was decided or a matter of law that was decided in the first round. That's correct, Your Honor. Thank you. Counsel for Appellant? I would request that the court look at the sentencing transcript in its entirety and the resentencing transcript in its entirety, and I believe that reading the transcript that way, it's clear that the court signaled its intentions at the outset of the hearing, and that counsel then adopted or adapted to what the court had signaled with respect to the argument that counsel was making, and counsel moved off the guidelines and said that ship has sailed for me, which would include the acceptance of responsibility points. You have to agree, though, that whether you take issue with Judge Leon's rationale is one thing, but the rationale that he stated during the hearing was that he was not considering the defendant's failure to disclose the source of his funds as a reason for departing upward or rejecting the acceptance. He said that. Correct, and I'm not disputing that. That that doesn't make any sense because of what he said about the manipulation. That's correct, yeah. We are arguing that the manipulation reveals a bias that he could not hold back. He was attempting to comply with this court's ruling but could not and revealed a bias by citing manipulation. And would you also agree that defense counsel never objected to Judge Leon's rationale but, in fact, said that we take, forget his words, he said, we are not taking issue with what you've already concluded? I would point the court to page 103, where, and this is before counsel says we must take issue. That is 103. On 103, at the top of the page, the court asks, do you need further clarification as to my rationale? And counsel says no. And the court says, you might disagree with it. So the court is recognizing that he said we're not taking issue with it. Well, I think what he's, I would read that as saying we are no longer disputing that. I am moving on to a new argument under 3553. And he makes the same exact arguments for a lower sentence based on acceptance of responsibility under 3553. Well, I'm not talking, I'm talking about an upward departure, ma'am. I mean, he agreed, defense agreed that upward departure was warranted. And that was only to the extent that this court approved of a higher sentence based on public employees entrusted with public funds. And I think, you know, I question the government has different rationales for why this court did approve higher sentences for public employees for tax fraud, whether they are either held to a higher standard or more of them commit tax fraud or what the rationale for that deterrence ruling was. But I think the counsel was only agreeing with an upward departure to that extent, to the extent that this court had already approved one, a reasonable basis for one, for public employees. So with that, if the court has no further questions, submit the case. Thank you very much. We will take the case under advisement.
judges: Rogers, Sentelle, Randolph